IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

K STREET RENTALS, LLC                                                                          PLAINTIFF

V.                                          NO. 4:21-CV-374-LPR

FOREMOST INSURANCE COMPANY                                                        DEFENDANT

## AGREED PROTECTIVE ORDER

The parties to this action have requested that a Protective Order be entered, and good cause appearing therefore, it is so ordered by the Court as follows:

1. The term "Confidential Information" shall be deemed to refer to all documents produced and designated by any party as "Confidential" during the course of discovery in this case. The designation must be made in writing at the time of the production, or stated on the record if produced during a deposition or during a hearing.

2. The following shall govern as to all "Confidential Information":

(a) All documents designated as "Confidential Information" and the information contained therein shall be treated as confidential by the parties and their attorneys, and they shall not permit disclosure of any such document, its contents or any portion thereof. "Confidential Information" may be disclosed or made available to the Court and Court staff, to counsel for a party (including the paralegal, clerical and secretarial staff employed by such counsel), and, to the "qualified" persons designated below:

1) Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

2) Court reporters employed in this action;

3) To a witness at a deposition or other proceeding in this action with the express understanding that any portions of that testimony describing or otherwise addressing "Confidential information" will be maintained as Confidential as well; and

4) Any other person to whom the parties, in writing, agree or as directed by the Court by specific order.

Nothing herein shall prevent counsel from using such documents during depositions and at trial or from exhibiting such documents or disclosing the information contained therein to the "qualified" persons listed above. All such persons shall be bound by the terms of this Protective Order, and shall not permit disclosure of the documents or the "Confidential Information" contained therein, other than pursuant to the terms of this Order. Prior to receiving any confidential information each "qualified" person shall be provided with a copy of this Order and shall be subject to its terms and conditions. "Qualified" person does not include and specifically excludes any news organization, magazine, newspaper, radio or television organization, or other representative of the media; blogs; internet sites; or list serves. It is further agreed that this confidentiality agreement applies not only to the parties and their attorneys, but also to all employees of their attorneys, expert witnesses, investigators and other persons who are or who may become in any way associated with the investigation, prosecution or defense of any claim in any way relating to the subject cause of action.

(b) Any confidential material disclosed in any pleading, motion, deposition transcript, brief, exhibit, or other filing with the Court shall be maintained under seal. To the extent such confidential filing is capable of redaction, the redacted version of the document is to be filed on the public docket, with the unredacted version delivered in hard copy to the Clerk's Office for filing under seal. The redacted version of a confidential filing may include, when necessary, slip

sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing.

(c) The Clerk of this Court is directed to maintain under seal all documents and all portions of transcripts of deposition testimony filed with the Court in this litigation by any party to this action which are, in whole or in part, designated as "Confidential Information," including all pleadings, deposition transcripts, trial transcripts, exhibits, discovery responses, or memoranda purporting to reproduce or paraphrase such information. The "Confidential Information" shall be filed in sealed envelopes or other appropriately sealed containers which shall be endorsed with the title of this action, and indication of the nature of the contents of such sealed envelopes or other containers, and the words "CONFIDENTIAL. FILED UNDER SEAL."

(d) In the event that a party wishes to use any "Confidential Information" in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential Information" used therein shall be filed and maintained under seal by the Court. The producing party may move the Court to establish such further conditions and safeguards as may be necessary to protect against disclosure of "Confidential Information" in open Court.

(e) Not later than thirty (30) calendar days from settlement of the entire case or final judgment which resolves the entire case, all copies of "Confidential Information" in the possession of a party or any persons to whom a party has provided access to said documents under paragraph 2(a) above shall be returned to the producing party except that work product, pleadings, deposition transcripts, court transcripts, and trial or hearing exhibits may be retained, subject to the terms of this Protective Order. Further, the producing party shall be furnished with the identification of any person or organization who was furnished access to the "Confidential

Information" by the party or persons provided access and confirmation that any person or organization who received the "Confidential Information" has returned it.

(f) No copies shall be made of the "Confidential Information," except that opposing counsel may copy protected documents for use in the present action, subject to the provision of this order.

(g) This Protective Order shall not constitute a waiver by the parties of any objection which might be raised as to the admissibility of any evidentiary materials. This Protective Order shall be without prejudice to the rights of any party to oppose production of any information on any ground. This Protective Order shall not be construed to prevent any party from using its own "Confidential Information" in any manner it chooses, or to prevent the introduction of any "Confidential Information" into evidence at any trial of this case subject to the terms of this Order.

3. By entering this Order, the Court makes no ruling as to whether any documents designated by a party as "confidential" are in fact confidential, proprietary or entitled to protected status. However, any documents which are designated as "confidential" by any party are hereby deemed entitled to the protections of this Order unless and until the Court has made a specific ruling that the documents are not in fact entitled to these protections. The purpose of this Order is to facilitate discovery and production of documents which are deemed confidential or proprietary. Any party may seek relief from the Court if that party believes that documents designated as "confidential" pursuant to this Order are not entitled to a protected status. The documents will continue to be treated as "confidential" until the Court has ruled on the issue and determined that the documents do not qualify and are not entitled to the protections of this Order.

- 5 -

If any party seeks relief from this Order, the party will be required to submit the challenged documents to the Court under seal for consideration.

    4.    Notwithstanding anything else in this Order, the Order does not cover instructions or use of confidential information at trial. If a party desires a portion of trial be sealed from the public, or a portion of the trial transcript be redacted that request must be made before or during the trial and will be addressed by the Court at that time.

    Dated this 12th day of August 2021.

*[signature]*

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE


APPROVED BY:

_____
SCOTT VORHEES and
PATRICK MARTUCCI
JOHNSON, VORHEES & MARTUCCI
510 W. 6th St.
Joplin, MO 64801
417/206-0100
scott@4stateslaw.com
patrick@4stateslaw.com
*Attorneys for Plaintiff*


_____
MARK BREEDING
Munson, Rowlett, Moore & Boone, P.A.
1900 Regions Center
400 W. Capitol Avenue
Little Rock, Arkansas 72201
(501) 374-6535
Mark.Breeding@mrmblaw.com
*Attorney for Defendants*